**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| FAYSAL SARKER, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ATTORNEY GENERAL OF THE UNITED STATES TODD BLANCHE; DIRECTOR OF USCIS JOSEPH EDLOW, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY MARKWAYNE MULLIN, and UNITED STATES ATTORNEY RYAN R. RAYBOULD, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. 4:26-CV-00678-MJT-CLS |

**MEMORANDUM OPINION ON VENUE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

*Pro se* Plaintiff Faysal Sarker initiated this action against United States Citizenship and Immigration Services (USCIS) on June 22, 2026. *See* (doc. #1). He seeks expedited processing of his Form I-130 Petition for Alien Relative. (*Id.*) However, this case must be transferred because the proper forum for Plaintiff's claims is the Northern District of Texas.

Actions against the government may "be brought in [the] judicial district in which . . . the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(C). Even though he personally filed his complaint in the Eastern District of Texas, Plaintiff alleges that "venue is

proper in the Northern District of Texas because Plaintiff resides in Garland, Texas." (Doc. #1 at 1 ¶12.)  Indeed, Plaintiff lists the United States Attorney for the *Northern*, not Eastern, District of Texas as a defendant, and he provides a Dallas address for service.  *See* (*id.* at 2 ¶19).  To be sure, while Plaintiff may have resided in the Eastern District of Texas on October 5, 2024, *see* (doc. #1-3), his current address is the one on Shiloh Road in Garland, Texas, as he pleads (doc. #1 at 4) and as confirmed by the more recent exhibits to his complaint, *see* (docs. #1-9 at 4–5; #1-10).

Garland, Texas, is wholly located in Dallas County, Texas,[1] which is in the Dallas Division of the Northern District of Texas.  *See* 28 U.S.C. § 124(a)(1).  Thus, venue is improper.  When a case "laying venue in the wrong division or district" is filed, the court "shall dismiss" it unless "it be in the interest of justice" to transfer the case "to any district or division in which it could have been brought."  § 1406(a).  Here, the court finds that the interests of justice warrant transfer to the Dallas Division of the Northern District of Texas and will enter an appropriate order so providing.

**SIGNED this the 26th day of June, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1.] Texas municipalities must maintain maps showing their boundaries on their official websites.  TEX. LOC. GOV'T CODE § 41.001(a)(3).  Garland, Texas's official-boundary map shows that its city limits are wholly within Dallas County.  *See* https://www.garlandtx.gov/DocumentCenter/View/3994/City-Limits.  The court may take judicial notice of this map as it comes from a governmental website.  *See Cicalese v. Univ. of Tex. Med. Branch*, 456 F.Supp.3d 859, 871–72 (S.D. Tex. 2020) (citations omitted).  Further, a search for Plaintiff's address and for the boundaries of Dallas County on Google Maps also confirms that Plaintiff's residence is in Dallas County.  The court may also take judicial notice of its findings on Google Maps.  *See Woolery v. Peery*, No. 21-CV-1728, 2022 WL 19700, at *4 & nn. 4–5 (N.D. Tex. Jan. 3, 2022).